UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 24-7700 JWH (PVC)                                   Date:  September 27, 2024

Title      Alonzo Rayshawn Perkins v. Jeff Lynch, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**  **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE AND BECAUSE IT IS UNEXHAUSTED**

On September 4, 2024, Alonzo Rayshawn Perkins (Petitioner), a California state prisoner proceeding pro se, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1).[1] Petitioner is challenging his 2004 conviction after a jury found him guilty of second-degree murder, attempted murder, second-degree robbery, and possession of a firearm in Los Angeles County case number NA054106, for which he was sentenced to 15 years to life. (*Id.* at 2). Petitioner is asserting two grounds for federal habeas relief: (1) ineffectiveness of trial counsel; and (2) violation of due

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, the Court uses the date the proof of service was signed. (Pet. at 187).

For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-7700 JWH (PVC)                                    Date:  September 27, 2024

Title   Alonzo Rayshawn Perkins v. Jeff Lynch, Warden

process (*Brady* violation).  (*Id.* at 5).  However, the Petition appears to be successive and unexhausted.

### **Prohibition on Successive Petitions**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).  AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *accord Burton*, 549 U.S. at 152–53.  "If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." *Tyler v. Cain*, 533 U.S. 656, 661 (2001).  However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court."  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

The instant Petition challenges the same 2004 conviction sentence that Petitioner previously challenged in a habeas petition filed in this Court in July 2006.  *See Alonzo Perkins v. L. E. Scribner*, No. CV 06-4739 PSG (AJW) (C.D. Cal. filed July 28, 2006) ("Prior Petition," Dkt. No. 1).  The Prior Petition was denied in December 2008.  *See id.* (Dkt. Nos. 19 [Report and Recommendation], 23 [Order Adopting Report and Recommendation of Magistrate Judge], 24 [Judgment dismissing Prior Petition, entered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-7700 JWH (PVC)                                           Date: September 27, 2024

Title          Alonzo Rayshawn Perkins v. Jeff Lynch, Warden

on December 10, 2008]).  The Ninth Circuit denied Petitioner's request for a certificate of appealability on March 5, 2010.  *See id.* (Dkt. No. 33).

Because the instant Petition is the second habeas petition that Petitioner has filed in this Court challenging the same 2004 conviction and sentence, the Petition appears to be successive.   Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate any challenge arising from that conviction.  28 U.S.C. § 2244(b)(3)(A).  Based on the Court's review of the Ninth Circuit's docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition.  Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.  *See Burton*, 549 U.S. at 157.

### **Exhaustion**

Even if the Petition were not successive, it is subject to dismissal because the claims are completely unexhausted.  A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  Here, Petitioner acknowledges that he has not yet exhausted his habeas claims in the state courts.  (Pet. at 5, 7).[2]

---

[2] The Petition also appears to be untimely.  A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 24-7700 JWH (PVC)                                                Date:  September 27, 2024

Title         Alonzo Rayshawn Perkins v. Jeff Lynch, Warden

**Conclusion and Order**

Petitioner therefore is ORDERED TO SHOW CAUSE, within **28 days** of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive.  Petitioner may satisfy this Order to Show Cause by filing a response or declaration setting forth any reason the instant Petition is not barred as successive.  If Petitioner also wishes to contend that his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that his claims are exhausted.  After the Court receives a response to the Order to Show Cause, it may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed**

---

the time for seeking such review."  *Id*.  According to the Petition, the California Court of Appeal affirmed Petitioner's conviction on September 26, 2006.  (Pet. at 2–3).  The California Supreme Court denied review on January 4, 2006.  (*Id.* at 3).  Because Petitioner did not pursue his appeal to the United States Supreme Court (*id.* at 5), his conviction became "final" 90 days after the California Supreme Court's decision issued, *i.e.*, on April 4, 2006.  The limitations period under § 2244(d)(1)(A) began to run the day after Petitioner's conviction became final and expired one year later, on **April 5, 2007**.  The instant Petition was not filed until September 4, 2024.  Therefore, absent tolling, it is untimely by **over 17 years**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-7700 JWH (PVC)                                      Date:  September 27, 2024

Title        Alonzo Rayshawn Perkins v. Jeff Lynch, Warden

**with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

    The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

    IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |